UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHARLENE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 5:20-cv-1996-LCB |
| ) | |
| EASTERN ACCOUNT SYSTEM ) | |
| OF CONNECTICUT, INC., ) | |
| ) | |
| Defendant. | |

## MEMORANDUM OPINION

On December 11, 2020, the Plaintiff, Charlene Williams, filed a complaint alleging that the Defendant, Eastern Account System of Connecticut, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Defendant was served with the complaint and summons on January 15, 2021, via Certified U.S. Mail, Return Receipt., to its registered agent CT Corporation System, at 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. (Doc. 7). Thus, Defendant's answer was due on February 5, 2021. However, the Defendant did not respond to the complaint. Accordingly, the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) on February 9, 2021. (Doc. 9).

Presently before the Court is a motion for default judgment and an award of damages. (Doc. 12). Williams asks that she be awarded damages, pursuant to 15 U.S.C, § 1692k(a)(1), for Defendant's improper collection actions, namely $1,000

in actual damages for the emotional distress, aggravation and damages to credit that she suffered and, in addition, $1,000 in statutory damages. She has also asked for attorney's fees and court costs totaling $4,116.50.

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the complaint asserts causes of action arising under federal law, specifically, the Fair Debt Collections Practices Act, 15 U.S.C. 1692. Venue is proper because the Plaintiff asserted that the acts and transactions occurred in the Northern District of Alabama; the Plaintiff resides here; and, the Defendant transacts business here.

## II. Legal Standard

Rule 55(b), Fed. R. Civ. P., provides:

(b) Entering a Default Judgment.

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal

>statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>>(A) conduct an accounting;
>>
>>(B) determine the amount of damages;
>>
>>(C) establish the truth of any allegation by evidence; or
>>
>>(D) investigate any other matter.

Default judgment is appropriate where the plaintiff's well-pleaded allegations of fact form "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). A plaintiff shows a "sufficient basis" for entry of default judgment if its complaint plausibly states a claim for relief—a test similar to the test courts employ to evaluate a motion to dismiss under Rule 12(b)(6). *See id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). Though similar to the test courts employ to evaluate the sufficiency of a complaint under Rule 12(b)(6), in the default context, the Court deems the plaintiff's well-pleaded allegations as admitted by the defendant. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citation omitted). Default judgment is warranted if the facts that the Court deems admitted state a plausible claim for relief.

### III. Williams's complaint sufficiently alleged a violation of the FDCPA.

In her complaint, Williams alleged that the Defendant acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the

3

telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. She further claimed that the Defendant operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama.

According to Williams, the Defendant attempted to collect a debt from her that she allegedly owed to a cable company. Unsure about the validity of the debt, Williams hired an attorney who, on October 2, 2020, wrote a letter to the Defendant disputing the debt it was attempting to collect. Despite that notice, Williams learned on December 1, 2020, that the Defendant continued to report the subject debt to at least two credit bureaus without notifying them that the debt was disputed. This, Williams said, impaired her credit rating and caused her alarm, confusion, and distress.

Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, *see* 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed.). Deeming William's allegations admitted, and having reviewed the exhibits attached to the complaint, the

Court finds that she has sufficiently alleged in Count I of her complaint a violation of 15 U.S.C. § 1692e(8), of the FDCPA.

Williams also alleged in Count II of her complaint that the Defendant's above-mentioned conduct violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect a debt. Specifically, Williams claimed the Defendant violated this section when it continued to report the debt to credit bureaus despite knowing that the debt was disputed and by failing to report that the debt was disputed. The Court finds these allegations to sufficiently state a claim under § 1692f.

As to damages, the Court notes that 15 U.S.C. § 1692k provides:

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

…

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

In assessing damages under this section, a Court is to consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional…." *Id.* The Court finds that Williams's complaint alleges facts supporting the imposition of actual damages in the amount of $1,000 and statutory damages in the amount of $1,000. The Court finds these amounts to be reasonable based on the affidavits and other materials contained in the record and does not find it necessary to hold a hearing. A hearing on damages is not required "where all essential evidence is already of record." *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)(citations omitted). *See also Natures Way Marine, LLC v. N. Am. Materials., Inc.*, 2008 WL 801702, at *3 (S.D. Ala. Mar. 24, 2008)("[I]t is not necessary to conduct an evidentiary hearing to fix damages if the amounts sought by plaintiff are adequately supported by supporting affidavits and other documentation.").

The Court also finds Williams's request for attorneys' fees and costs to be reasonable. Counsel submitted an affidavit detailing his firm's work on this case and included an annotated list of the hours worked. The Court finds the rates and the hours worked to be reasonable for this particular case and hereby awards the requested amount of $3,564.50 in attorneys' fees and $552 in court costs. *See* (Doc. 12-3).

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Williams's motion (Doc. 12) and enters default judgment in her favor against the Defendant. The Court assesses both actual and statutory damages in the total amount of **$2,000.00** and attorneys' fees and costs in the amount of **$4,116.50**. A separate final judgment will be entered.

**DONE** and **ORDERED** February 11, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE